UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD DEAN BOUYE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:21-cv-02661-JPH-TAB |
| DENNIS REGAL, et al. | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR ASSISTANCE RECRUITING COUNSEL**

Bradford Bouye has filed two motions for assistance recruiting counsel. Mr. Bouye states that he "struggle[s] with reading, writing, spelling, and speech," and that he has a learning disability that impacts his ability to represent himself in these proceedings. Dkts. 13, 14. Neither motion states what efforts Mr. Bouye has made to obtain counsel on his own before seeking the Court's assistance.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt,* 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene,* 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

Mr. Bouye has not demonstrated that he made a reasonable attempt to obtain counsel on his own before seeking the Court's assistance. Because he has not met this threshold requirement, his motions for counsel, dkts. [13] and [14], are **denied without prejudice**.

The **clerk is directed** to send Mr. Bouye a motion for assistance recruiting counsel form with his copy of this order. This form requests information the Court needs before it can rule on a motion for assistance recruiting counsel and requires the movant to acknowledge certain requirements of accepting the services of recruited counsel. Mr. Bouye must use this form if he chooses to renew his motion for assistance recruiting counsel.

**SO ORDERED**.

Date: 5/3/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADFORD DEAN BOUYE, JR.
914329
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064