UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD DEAN BOUYE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02661-JPH-TAB |
| ) | |
| DENNIS REGAL, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Bradford Bouye has filed a motion that the Court interprets as a motion for preliminary injunction. *See* dkt. 16. In the motion, Mr. Bouye "request[s] that all retaliation cease," and he states that "they [are] trying to transfer me to long term segregation, so I can mystically come up dead, from a drug overdose, or some inmate stabbing me, over some lie." *Id.* at 1. Mr. Bouye also states that he has been denied access to the offender grievance process and to the Indiana Department of Correction Ombudsman's office. *Id.* at 1-2.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)).

A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the

injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)); *see also Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir.1997); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir.1975).

As a threshold matter, "a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). The moving party must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the Court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.*

Mr. Bouye has not made the threshold showing that he is at risk of irreparable harm in the absence of a preliminary injunction. Mr. Bouye's motion merely speculates on possible harm that might occur if he is transferred to a long-term segregation unit or at the hands of unnamed prison officials. This does not meet the standard to prevail on a motion for preliminary injunction. *See Orr v. Shicker*, 953 F.3d 490 (7th Cir. 2020) (irreparable harm requires "more than a mere possibility of harm . . . Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Accordingly, the motion for preliminary injunction, dkt. [16], is **denied without prejudice**.

**SO ORDERED**.

Date: 5/3/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADFORD DEAN BOUYE, JR.
914329
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064