UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD DEAN BOUYE, JR., </br></br>Plaintiff, </br></br>v. </br></br>DENNIS REGAL, et al., </br></br>Defendants. | ) </br> ) </br> ) </br> ) </br> ) No. 1:21-cv-02661-JPH-TAB </br> ) </br> ) </br> ) </br> ) |

**ORDER DISMISSING AMENDED COMPLAINT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Bradford Bouye has filed an amended complaint. Because he is a "prisoner," the Court must screen the amended complaint before directing service on the defendants. For the reasons explained below, Mr. Bouye's amended complaint is **dismissed for failure to state a claim upon which relief may be granted**, and this action is now **dismissed**.

**I. SCREENING STANDARD**

The Court will dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The amended complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE AMENDED COMPLAINT

The amended complaint names FNU Conyers and Investigator Cochran as the defendants. Mr. Bouye seeks compensatory damages for emotional pain and suffering.

The amended complaint makes the following allegations. A mounted security camera at Pendleton Correctional Facility could see into Mr. Bouye's cell. As a result, prison officials could have viewed surveillance video of Mr. Bouye using the toilet while working at the prison or at their homes. The defendants were aware that prison officials could potentially watch footage of Mr. Bouye using the toilet.

On June 29, 2021, Mr. Bouye met with Investigator Cochran. Among other things, they discussed that Mr. Bouye and another inmate had been "involved in a sex act" in their cell. Dkt. 22, p. 1. Cochran responded by calling Mr. Bouye a homophobic slur. Mr. Bouye alleges that these actions violated his Fourth and Eighth Amendment rights.

## III. DISCUSSION

### A. Fourth Amendment Claims

Prisoners retain only a narrow expectation of privacy under the Fourth Amendment. *Henry v. Hulett*, 969 F.3d 769, 778 (7th Cir. 2020). The Supreme

Court has held that prisoners do not have a reasonable expectation of privacy in their cells and living quarters. *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)). As a convicted prisoner, Mr. Bouye did not have a reasonable expectation of privacy in his cell, and the mere fact that a surveillance camera could see into his cell did not violate the Fourth Amendment.

The amended complaint alleges that prison officials are able to view surveillance footage remotely. If true, these allegations may raise the *potential* for possible Fourth Amendment violations if prison officials were to share intimate surveillance footage of prisoners with members of the public. But that is not what Mr. Bouye alleges in the amended complaint. He alleges that footage of him using the toilet could have been viewed "by whomever staff show from home real-time occurrences." Dkt. 22, p. 2. The amended complaint does not allege that the defendants actually showed surveillance footage of him using the toilet in his cell to anyone outside the prison.

Mr. Bouye claims that pointing a surveillance camera into his cell violated state prison regulations, but this too fails to state a federal constitutional claim. *See Beley v. City of Chicago,* 901 F.3d 823, 828 (7th Cir. 2018) ("Mere violation of a state statute does not infringe the federal Constitution.") (cleaned up); *Brown v. Randle,* 847 F.3d 861, 865 (7th Cir. 2017) ("[R]emedies in § 1983 suits are for violations of federal law only."). Accordingly, his Fourth Amendment claims are **dismissed**.

### B. Eighth Amendment Claim

Simple verbal harassment does not violate the Eighth Amendment. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the constitution."). Mr. Bouye's allegation that Investigator Cochran used a homophobic slur when they discussed that Mr. Bouye had engaged in sexual conduct with another prisoner, without more, fails to state an Eighth Amendment claim. Accordingly, Mr. Bouye's Eighth Amendment claim against Investigator Cochran is **dismissed for failure to state a claim**.

### IV. CONCLUSION

The amended complaint is **dismissed for failure to state a claim upon which relief may be granted**.  Mr. Bouye has already received an opportunity to amend his complaint to avoid dismissal of the action. Accordingly, this action is now **DISMISSED**. Final judgment in accordance with this Order shall now issue.

This dismissal is a "strike" for purposes of 28 U.S.C. § 1915(g).

Mr. Bouye's motion for court assistance, which seeks protection from retaliation and alleges widespread corruption by prison officials and Aramark employees, dkt. [20], is **denied as moot**.

**SO ORDERED**.

Date: 6/24/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADFORD DEAN BOUYE, JR.
914329
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064